Argued and submitted May 21, 1993, affirmed March 2, 1994

In the Matter of the Compensation of
James D. Terry, Claimant.

SAIF CORPORATION
and Harry & David, Inc.,
*Petitioners,*

*v.*

James D. TERRY,
*Respondent.*

(WCB 90-17722; CA A76704)

869 P2d 876

Judicial Review from Workers' Compensation Board.

Steve Cotton, Special Assistant Attorney General, argued the cause for petitioners. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General.

Julie Zuver Ellickson argued the cause for respondent. On the brief were Jerome F. Bischoff and Bischoff & Strooband, P.C.

Before Deits, Presiding Judge, and Richardson, Chief Judge,* and Riggs, Judge.

DEITS, P. J.

---

* Richardson, C. J., *vice* Durham, J.

## DEITS, P. J.

SAIF Corporation seeks review of a Workers' Compensation Board order awarding claimant permanent total disability benefits (PTD). ORS 656.206(1)(a). We affirm.

Claimant is a 58-year-old man who compensably injured his knee when he stepped off a ladder while working as a fruit picker. At the time of his injury, claimant was working eight hours per day, seven days per week, and was earning minimum wage. As a result of the injury, he has had numerous surgeries; the last one required the amputation of the lower portion of his leg. He now uses a wheelchair and is unable to wear a prothesis. He has a third grade education and a chronic learning disability. Since the time of his injury, he has received training in small appliance repair, but despite considerable effort he has been unable to find a job in that field. He is limited to light work.

Ten days before the hearing, after having submitted 104 job applications to potential employers, claimant started working at Burger King, as a broiler feeder. At the time of the hearing, he was working three hours per day, five days per week and was receiving minimum wage. However, the employer had modified the job of a broiler feeder to allow claimant to do the work. As the Board found:

> "His [claimant's] job description and site were both modified by the employer. The broiler-feeder normally feeds and removes the product from the broiler, which is actually a conveyor belt. [Claimant] wheels his chair onto a specially built platform and places the hamburgers, etc. on the conveyor for three hours per day - from 11:00 a.m. to 2:00 p.m. Someone else removes the product. The ramp is removed while [claimant] works; if he needs to use the restroom, another employer must reposition the ramp."

A worker is entitled to PTD benefits if the worker is able to prove that he or she is not able to perform work at a "gainful and suitable occupation." ORS 656.206(1)(a). As explained in *Tee v. Albertsons, Inc.*, 314 Or 633, 842 P2d 374 (1992), a "gainful occupation" is one that pays "profitable remuneration." SAIF argues that we should remand the Board order because the Board failed to make any determination regarding whether claimant's current employment is

"suitable" and because, in concluding that claimant's current employment was not regular "gainful employment," the Board did not address the question of whether claimant's current employment was for "profitable remuneration."[1]

■ ■ SAIF is correct that in deciding that "claimant's current employment is not regular gainful employment," the Board did not directly address the question of whether claimant's job at Burger King provided him with "profitable remuneration." It is unnecessary, however, to determine the effect of that failure. When it is asserted that a worker's current employment precludes the worker from being awarded PTD, the work must be *both* "gainful" and "suitable." ORS 656.206(1)(a). While it is correct that the Board did not use the term "suitable employment" in its conclusions, it did discuss the proper factors in determining suitability. We find that the Board's order supports its implicit conclusion that claimant's employment at Burger King was not "suitable" employment that would disqualify him from PTD.

A "suitable occupation" is defined as

"one which the worker has the ability and the training or experience to perform, or an occupation which the worker is able to perform after rehabilitation." ORS 656.206(1)(a).

OAR 436-30-055(1)(b) provides:

" 'Suitable occupation' means those types of general occupations that exist in a theoretically normal labor market which is located within a reasonable geographic distance, being either full-time or part-time in duration * * *."

■ The Board concluded that "claimant is unable to sell his services on a regular basis in a competitive labor market." SAIF argues that this conclusion is wrong because claimant was successfully working as a broiler feeder at Burger King. However, in reaching the above conclusion, the Board considered claimant's present employment. It found that the broiler feeder job had to be modified to allow claimant to perform it. It also found that claimant's present employer "acknowledges that he is not getting his money's worth out of [claimant's] labors" and that "[h]e will probably retain

---

[1] *Tee v. Albertsons, Inc., supra,* was not decided at the time of the Board's decision.

[claimant] after the six month wage subsidy program ends because [claimant's] work ethic is a good example to his younger employees." The Board concluded that "claimant's employment at the time of the hearing was 'reflective of [claimant's] pluck and the sympathy of the employer' and did not establish that claimant was competitively employable in a theoretically normal labor market." *See Harris v. SAIF*, 292 Or 683, 695, 642 P2d 1147 (1982); *Wiley v. SAIF*, 77 Or App 486, 490, 713 P2d 677, *rev den* 301 Or 77 (1986). We conclude that the Board did not err in awarding claimant PTD.

Affirmed.