Argued and submitted May 10, 1996, affirmed April 30, 1997

In the Matter of the Compensation of
Fred D. Justice, Claimant.

Fred D. JUSTICE,
*Petitioner,*

*v.*

INTERNATIONAL PAPER,
*Respondent.*

(90-05033; CA A88233)

938 P2d 239

Robert Wollheim argued the cause for petitioner. On the brief were Christine I. Jensen and Malagon, Moore, Johnson & Jensen.

Paul L. Roess argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

### ARMSTRONG, J.

Claimant seeks review of an order of the Workers' Compensation Board that denied his claim for permanent total disability benefits (PTD). We review for substantial evidence and errors of law, ORS 656.298(6), ORS 183.482(8)(c), and affirm.

Claimant injured his low back while working as a package stacker for International Paper Company, a self-insured employer. Employer accepted a claim for low back strain in January 1987. The claim was closed by a determination order that awarded claimant temporary and permanent disability.

Claimant requested a hearing on the disability award, contending, *inter alia,* that he was entitled to an award of PTD. After a hearing, an administrative law judge concluded that claimant was not entitled to such an award.

Claimant sought review of that decision by the Workers' Compensation Board. On review, the Board made the following findings:

> "Claimant is confined to sedentary work. He is unable to lift in excess of 10 pounds. He must frequently change positions. He is only able to stand or sit 30 minutes at [a] time. On occasion he must lie down in order to relieve symptoms.
>
> "He is capable of performing the following employments on a regular part-time basis: selected positions in retail work, trailer rental clerk, automobile rental clerk, customer service work, security guard, gate guard, ticket seller, and telephone solicitor."

Based on those findings, the Board upheld the denial of PTD benefits.

A worker is entitled to PTD if the worker establishes that he is permanently incapacitated from regularly performing work at a " 'gainful and suitable occupation'." *SAIF v. Terry,* 126 Or App 558, 560, 869 P2d 876 (1994). A "gainful occupation is one that pays wages equal to or greater than the state mandated hourly minimum wage." ORS 656.206(1)(a). A "suitable occupation is one that the worker has the ability and the training or experience to perform, or

an occupation that the worker is able to perform after rehabilitation." *Id*.

■     The Board concluded that claimant is able regularly to perform part-time sedentary work at a gainful and suitable occupation. Claimant does not dispute the Board's conclusion about his ability to obtain gainful employment. He contends, however, that it erred in concluding that he is able to work at a suitable occupation because, in reaching that conclusion, the Board failed to consider medical evidence that establishes that he must lie down on occasion in order to relieve symptoms. According to claimant, his need to do that prevents him from working at a suitable occupation, and the Board erred in concluding otherwise.

In finding that claimant is able to work at a suitable occupation, the Board relied on the opinion of employer's vocational expert, McGowan. McGowan testified that claimant was able to do regular part-time sedentary work, and he identified several job positions suitable for someone in claimant's condition. The Board found that claimant had the ability to do the jobs that McGowan had identified and that the jobs existed in a theoretically normal labor market.[1]

Claimant contends that the Board erred in relying on McGowan's opinion because his opinion failed to consider that claimant had to lie down on occasion to relieve symptoms. However, contrary to claimant's assertion, the record reflects that McGowan was aware of that evidence. In addition, claimant's treating physician, Dr. Crocker, testified that claimant is able to do part-time sedentary work with restrictions and that it would benefit him to work within his physical limitations. Thus, there is substantial evidence in the record to support the Board's conclusion that claimant is able to work at a suitable occupation. We therefore affirm the Board's order denying claimant's claim for PTD.

Affirmed.

---

[1] OAR 439-30-055(1)(b) defines "suitable occupations" as

"those types of general occupations that exist in a theoretically normal labor market which is located within a reasonable geographic distance [of the disabled worker], being either full-time or part-time in duration * * *."